IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALVIN R. CURETON, SR. | * |
| | * |
| v. | *   Civil No. JFM-06-2303 |
| | * |
| CIANBRO CORPORATION | * |
| | * |
| | * |
| | ***** |

MEMORANDUM

Plaintiff Alvin R. Cureton, Sr. ("Cureton") has brought this action against defendant Cianbro Corporation ("Cianbro") alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*  Now pending before the Court is Cianbro's motion to dismiss.  For the reasons that follow, Cianbro's motion is granted.

I.

Cianbro is a commercial construction contractor.  (Compl. ¶ 4.)  Cureton, a forty-nine-year-old African-American, has worked for Cianbro as a welder since 1991.  (*Id.* ¶ 5.)  Cureton alleges that despite his qualifications and experience, Cianbro has repeatedly passed him over and placed less-qualified younger Caucasian employees at its construction projects.  (*Id.* ¶ 6.)  Cureton filed a charge of discrimination with the Equal Employment Opportunity Commission, which issued him a notice of right to sue on February 16, 2006.  (*Id.* ¶ 7.)  In the instant action, Cureton asserts that Cianbro's preference for younger Caucasian employees violates Title VII and the ADEA.  (*Id.* ¶¶ 9, 11.)  Cureton seeks $1 million in damages, as well as his attorney's fees and costs.  (*Id.*)

II.

Invoking Rule 12(b)(6), Cianbro argues that the Complaint fails to state a claim under either Title VII or the ADEA.[1] The Supreme Court has held that there is not a heightened pleading standard for employment discrimination suits and that a plaintiff in such an action need not plead a prima facie case in order to withstand a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). The complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Fourth Circuit has interpreted *Swierkiewicz* strictly and held that it does not relieve a plaintiff of the burden "to allege facts sufficient to state all the elements of her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Otherwise stated, "[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." *Id.*

Arguably, *Bass* reads *Swierkiewicz* too narrowly. Even if that is so, however, I must, of course, follow Fourth Circuit precedent. *See Cockerham v. Stokes County Bd. of Educ.*, 302 F. Supp. 2d 490, 495-96 (M.D.N.C. 2004) (concluding that although "the Fourth Circuit is at odds with the Supreme Court's clear pronouncement that all elements of a prima facie case need not be supported with factual pleadings in order to survive a motion to dismiss," the court would apply *Bass*).

To establish a prima facie claim for discrimination under Title VII, the plaintiff must show that (1) he belongs to a protected class; (2) his job performance was satisfactory; (3) he

---

[1] Because I will grant the motion to dismiss on this ground, I need not address Cianbro's other arguments.

suffered an adverse employment action; and (4) his employer treated similarly situated employees outside his protected class more favorably. *Luy v. Balt. Police Dep't*, 326 F. Supp. 2d 682, 688 (D. Md. 2004). A claim under the ADEA requires a similar showing, although for the fourth element, the plaintiff must demonstrate that he was replaced by or treated less favorably than someone "substantially younger." *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996).

Cureton's allegations are insufficient to state a claim under the *Bass* test. Aside from asserting his membership in a protected class as a forty-nine-year-old African-American and arguing that he was qualified for work with Cianbro, Cureton does not provide any specific facts in support of his conclusory allegations that Cianbro preferred similarly situated younger Caucasian employees. For example, the Complaint omits the dates of any alleged discrimination, the construction sites involved, and the individuals who either participated in or benefitted from the discrimination. Such particulars must be provided. *See Luy*, 326 F. Supp. 2d at 689 (dismissing a Title VII claim where the plaintiff's conclusory allegations of discrimination were "devoid of any reference to actual events during his employment").

Moreover, Cureton's allegations are far less specific than those made by the plaintiff in *Swierkiewicz* itself. There, the complaint outlined the events surrounding the plaintiff's termination, included important dates, and listed the ages and nationalities of certain individuals responsible for the termination, thereby affording the defendant fair notice of the basis for the plaintiff's claims. *Swierkiewicz*, 534 U.S. at 514. As discussed above, in this case the Complaint contains no such particulars.

Although typically I would grant leave to amend a deficient complaint, I am satisfied that

under the circumstances presented here, it would be futile to do so. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Although in his response to Cianbro's motion to dismiss, Cureton offered to file an amended complaint, the only additional specific allegation he proposed to add was that the alleged discrimination began in January 2005 and is ongoing. (Pl.'s Resp. Def.'s Mot. Dismiss at 4.) The inclusion of such an allegation would not cure the deficiencies that otherwise exist.

      A separate order granting Cianbro's motion is being entered herewith.


Date: November 22, 2006                        /s/
                                                  J. Frederick Motz
                                                  United States District Judge