IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALVIN R. CURETON, SR. | * | |
| | * | |
| v. | * | Civil No. JFM-06-2303 |
| | * | |
| CIANBRO CORPORATION | * | |
| | * | |
| | * | |
| ***** | | |

MEMORANDUM

On November 22, 2006, this Court dismissed an employment discrimination action brought by plaintiff Alvin R. Cureton, Sr. ("Cureton") against defendant Cianbro Corporation ("Cianbro"). I concluded that Cureton failed to state a claim upon which relief could be granted and that it would be futile to grant leave to amend the Complaint. Cureton has now filed a motion pursuant to Rule 59 for reconsideration of my earlier decision and for leave to amend.[1] For the reasons that follow, the motion is denied.

I.

In his original Complaint, Cureton, a forty-nine-year-old African-American welder, asserted that Cianbro, a commercial construction contractor, had consistently passed him over and placed less-qualified younger Caucasian employees at its construction projects. Cureton maintained that Cianbro's employment practices violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* In dismissing the Complaint, I acknowledged the Supreme

---

[1] Although Cureton does not specify the particular provision of Rule 59 on which he relies, I will assume that he moves pursuant to Rule 59(e).

Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002), which rejected a heightened pleading standard for employment discrimination suits.  I nevertheless applied the Fourth Circuit's narrow interpretation of *Swierkiewicz* in *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), where the court held that an employment discrimination plaintiff must "allege facts sufficient to state all the elements of her claim."  I found that Cureton's allegations were insufficient to state a claim under *Bass* and that, in light of his inability to add any particulars regarding the alleged discrimination aside from the date it purportedly began, granting leave to file an amended complaint would be futile.

II.

In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (1995)).  In the Fourth Circuit, an earlier judgment may be amended: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Id.*  A party may not file a Rule 59(e) motion, however, to "raise arguments which could have been raised prior to the issuance of the judgment," nor to "enable a party to complete presenting his case after the court has ruled against him."  *Id.* (quoting *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996)).

Cureton does not base his motion on any of these three grounds.  Instead, he argues that the Court should follow *Swierkiewicz* and apply a liberal pleading standard to evaluate his allegations.  (Mot. Recons. at 2-4.)  The Court, however, already considered similar arguments in ruling on the motion to dismiss and ultimately applied the Fourth Circuit's interpretation of

*Swierkiewicz* in *Bass*.  While Cureton may disagree with my earlier decision, his dissatisfaction does not justify granting the motion for reconsideration.  *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (explaining that a party's disagreement with a district court's decision does not support a Rule 59(e) motion).  If Cureton disapproves of the standard articulated in *Bass*, his recourse is to appeal to the Fourth Circuit.

Cureton also offers an Amended Complaint and maintains that if the Court will apply the *Bass* test, then "justice requires" that he receive another opportunity to satisfy the Fourth Circuit's rigid standard.  (Mot. Recons. at 1-2.)  As an initial matter, this is not an adequate reason to grant a motion for reconsideration.  *See Md. Elec. Indus. Health Fund v. Kodiak Util. Constr., Inc.*, No. Civ. JFM-02-3662, 2004 WL 112722, at *2 (D. Md. Jan. 20, 2004) (denying a Rule 59(e) motion where the movant called for a judgment to be amended "in the interests of justice").

More importantly, given that Cianbro cited *Bass* in its memorandum supporting the motion to dismiss, Cureton has long known of his pleading obligations.  Yet in responding to Cianbro's motion to dismiss, Cureton offered to file an amended complaint adding simply that the alleged discrimination began in January 2005 and was ongoing.  (Pl.'s Resp. Def.'s Mot. Dismiss at 4.)  In fact, Cureton swore at the time that aside from that lone detail, he was "unable to provide additional facts."  (Cureton Aff. ¶ 12, Ex. A to Pl.'s Resp. Def.'s Mot. Dismiss.)  Although the Amended Complaint attached to the current motion for reconsideration offers additional particularized allegations, Cureton provides no explanation for why these new facts were not submitted earlier.  As a result, the motion for reconsideration must be denied.  *See Pac. Ins. Co.*, 148 F.3d at 404 (stating that where a Rule 59(e) motion relies upon new evidence, the

party must offer a "legitimate justification" for not providing the evidence earlier).

III.

Even if I granted Cureton's motion for reconsideration and for leave to amend, the allegations contained in the Amended Complaint fall short of the mark established in *Bass*. In *Bass*, the Fourth Circuit held that an employment discrimination plaintiff must "allege facts sufficient to state all the elements of her claim." 324 F.3d at 765. The court went on to find plaintiff's allegations that she was "consistently paid less than and consistently did not advance as fast as similarly situated white men" insufficient under this standard. *Id.*

The Amended Complaint attached to Cureton's motion offers new details related to alleged discrimination in January 2005 at a job site in Harrisburg, Pennsylvania. (Am. Compl. ¶¶ 7-12, Ex. A to Mot. Recons.) Although Cureton thus now provides a specific instance of alleged discrimination, as well as the names of individuals who allegedly coordinated or benefitted from the discrimination, these isolated allegations regarding a single job site are not sufficient to support Cureton's conclusory averment that Cianbro "consistently" engaged in discrimination. Moreover, Cureton's assertions that the Caucasian workers identified in the Amended Complaint were "paid more money" and "preferred over" other minority employees are strikingly similar to those deemed inadequate in *Bass*. As a result, I find that it would be futile to grant leave to amend. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Accordingly, Cureton's motion is hereby denied. A separate order follows herewith.

Date: January 30, 2007           /s/
                                 J. Frederick Motz
                                 United States District Judge